UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS DANCER, | Case No. 3:17-cv-00005-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SUMMIT COLLECTIONS SERVICES, | |
| Defendant. | |

Before the Court are Plaintiff's two motions to dismiss (ECF Nos. 20, 24) and Defendant's motion for attorney's fees (ECF No. 22). The Court has reviewed the briefs relating to these motions. (ECF Nos. 23, 25, 26.) Because Plaintiff filed a second motion to dismiss (ECF No. 24), the Court denies his first motion to dismiss (ECF No. 20) as moot. The Court grants dismissal and denies Defendant's motion for attorney's fees.

Plaintiff asserts that he wishes to dismiss the complaint after his review of the informal discovery exchanged between the parties. (ECF No. 24.) Plaintiff seeks voluntarily dismiss without prejudice. Defendant does not oppose Plaintiff's motion contingent on payment of sanctions imposed on August 8, 2017 and any award of fees. (ECF No. 26.) The sanctions amount has been paid. (ECF No. 30.) Accordingly, the Court Plaintiff's motion to dismiss.

Defendant seeks fees under 28 U.S.C. § 1927. (ECF No. 22.) Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses,

and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 requires that the attorney acted in bad faith or by "knowingly or recklessly making a frivolous argument" before a district court may impose sanctions. *Gin v. Chicago Ins. Co.*, 106 F.3d 407 (9th Cir. 1997). Negligent conduct is not enough. Before issuing an attorneys' fee award pursuant to section 1927, a district court must make a finding of subjective bad faith. *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996). A court retains "substantial leeway" when determining whether to impose sanctions pursuant to section 1927. *Haynes v. City & Cty. Of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012). The Court finds that Plaintiff has not acted in bad faith and accordingly denies Defendant's motion for attorney's fees.

It is therefore ordered that Plaintiff's second motion to dismiss (ECF No. 24) is granted. This case is dismissed without prejudice.

It is further ordered that Plaintiff's first motion to dismiss (ECF No. 20) is denied as moot.

It is further ordered that Defendant's motion for attorney's fees (ECF No. 22) is denied.

The Clerk is instructed to close this case.

DATED THIS 6th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE